IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

---------------------------------x

A.S., a minor, by his next friends AMY A., mother, and JEFF S., father; and A.B., a minor, by her next friends JULIE B., mother, and ROSS B., father,

                        Plaintiffs,

                      v.

BILL LEE, in his official capacity as Governor of Tennessee; HERBERT SLATERY III, in his official capacity as Attorney General of Tennessee; WILSON COUNTY BOARD OF EDUCATION; JEFF LUTTRELL, in his official capacity as Director of the Wilson County Schools; and DOES 1–10,

                      Defendants.

Civil No. _____

---------------------------------x

## PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65(b) and Local Civil Rule 65.01, Plaintiffs A.S., a minor, by his next friends Amy A., mother, and Jeff S., father, and A.B., a minor, by her next friends Julie B., mother, and Ross B., father (collectively, "Plaintiffs"), hereby respectfully move before this Court for a temporary restraining order and a preliminary injunction (the "Motion" or "TRO") against the above-named Defendants. Plaintiffs move for a TRO enjoining Defendants from enforcing the "Tennessee Accommodations for All Children Act," 2021 Tenn. Pub. Ch. 452 (the "School Facilities Law" or "TAACA"), which took effect July 1, 2021; permitting Plaintiffs to use multi-occupancy restrooms and changing facilities located within a public school building that correspond with their gender identity, rather than their gender assigned at birth; and for related relief as fully set forth in the Proposed Order accompanying this Motion.

Plaintiff A.S. is a transgender boy who will be entering ninth grade in a public high school located within the Wilson County School District on August 5, 2021.  A.B. is a transgender girl who will be entering first grade in an elementary school located within the Wilson County School District on August 5, 2021.

The School Facilities Law provides in relevant part that public schools are required to provide a "reasonable accommodation" to any student, teacher, or employee who "[d]esires greater privacy when using a multi-occupancy restroom or changing facility designated for [their] sex and located within a public school building."  TAACA § 4(a)(1).  However, the School Facilities Law defines "sex" as one's "immutable biological sex as determined by anatomy and genetics existing at the time of birth," including as evidenced by "a person's sex listed on the person's original birth certificate."  *Id.* § 3(4).  It further provides that a "reasonable accommodation" may include "access to a single-occupancy restroom or changing facility or use of an employee restroom or changing facility," but excludes from the definition of a reasonable accommodation any "[a]ccess to a restroom or changing facility that is designated for use by members of the opposite sex while members of the opposite sex are present or could be present."  *Id.* § 3(2).

Thus, under the School Facilities Law, A.S., a boy, will not be permitted to use a multi-occupancy boys' restroom or changing facility.  Similarly, A.B., a girl, will not be permitted to use such facilities designated for girls.  Instead, they will be forced to choose between either: (1) using the restrooms and changing facilities that correspond to their assigned sex at birth, even though that does not comport with their gender identity; (2) being among the only students in their respective schools who regularly use a single-occupancy restroom or changing facility; or (3) simply not using such facilities at all.

Accordingly, the School Facilities Law violates both Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.* ("Title IX"), and the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, as enforceable pursuant to 42 U.S.C. § 1983. For these reasons, Plaintiffs are entitled to a TRO because: (1) they are likely to succeed on the merits of their Title IX and Equal Protection claims; (2) they will suffer irreparable harm without a TRO; (3) the balance of the equities strongly tips in Plaintiffs' favor, and Defendants will not be harmed or suffer any prejudice by the issuance of a TRO; and (4) the public interest weighs in Plaintiffs' favor, particularly since they seek to protect their Constitutional rights.

Plaintiffs' Motion is based on this Motion and the accompanying Memorandum of Law, Declarations of Amy A., Julie B. and Adam S. Lurie, and the Proposed Order which are filed concurrently herewith, the Complaint, all records and papers on file in this action, any oral argument, and any other evidence that the Court may consider.

To the extent the Court orders any hearing on Plaintiffs' Motion, Plaintiffs' counsel, most of whom are not located in Tennessee, respectfully request that the Court permit such hearing to be conducted by videoconference or telephone in light of the ongoing COVID-19 pandemic. *See* Administrative Order No. 209 (Thirteenth Amended), *In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, at 5 ¶ 6 (June 30, 2021) (ordering that "[i]ndividual judges may hold hearings, conferences, and bench trials in the exercise of their discretion, subject to intervening orders of the judge assigned to the matter. Such court proceedings may be conducted by telephone or video conference where practicable and consistent with the law").

Dated: August 2, 2021

Respectfully submitted,

By: */s/ Tricia Herzfeld*
Tricia Herzfeld (BPR #26014)
BRANSTETTER STRANCH & JENNINGS PLLC
223 Rosa L. Parks Avenue
Suite 200
Nashville, TN 37203
T: (615) 254-8801
F: (615) 255-5419
triciah@bsjfirm.com

Adam S. Lurie*
Erez Liebermann*
Andrew Pak*
Sean Mooney*
Andreane Reynolds*
Kunal Kanodia*
Rebecca Zeldin*
LINKLATERS LLP
1290 Avenue of the Americas
New York, NY 10104
T: (212) 903-9000
F: (212) 903-9100
adam.lurie@linklaters.com
erez.liebermann@linklaters.com
andrew.pak@linklaters.com
sean.mooney@linklaters.com
andy.reynolds@linklaters.com
kunal.kanodia@linklaters.com
rebecca.zeldin@linklaters.com

Sarah Warbelow*
Jason Starr*
HUMAN RIGHTS CAMPAIGN FUND
1640 Rhode Island Avenue NW
Washington, D.C. 20036
T: (202) 628-4160
F: (202) 628-0517
Sarah.Warbelow@hrc.org
Jason.Starr@hrc.org

\* Motions for admission *pro hac vice* forthcoming

*Attorneys for Plaintiffs A.S., a minor, by his next friends AMY A., mother, and JEFF S., father; and A.B., a minor, by her next friends JULIE B., mother, and ROSS B., father*

## CERTIFICATION OF NOTIFICATION

I, Tricia Herzfeld, hereby certify that on August 2, 2021, I notified Mike Jennings and the Wilson County Schools, and Alex Rieger and Rainey Lankford of the Attorney General's office of this Motion and will be serving the same contemporaneously with this filing.

*/s/ Tricia Herzfeld*
Tricia Herzfeld

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of August, 2021 a true and exact copy of the foregoing document has been served via Electronic Mail upon the following:

Mike Jennings
326 North Cumberland
Lebanon, TN, 37087
mjenningslaw@aol.com
*Counsel for Wilson County Schools
and Jeff Luttrell*

Alex Rieger
Rainey Lankford
Office of Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
alex.rieger@ag.tn.gov
rainey.lankford@ag.tn.gov

          */s/ Tricia Herzfeld*
          Tricia Herzfeld