IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| A.S., a minor, by his next friends AMY A., mother and JEFF S., father; and A.B., a minor, by her next friends JULIE B., mother and ROSS B., father, <br><br> Plaintiffs, <br><br> v. <br><br> BILL LEE, in his official capacity as Governor of Tennessee, et al., <br><br> Defendants. | NO. 3:21-cv-00600 <br> JUDGE RICHARDSON |

## ORDER

Pending before the Court is Plaintiffs' Motion for a Temporary Restraining Order (Doc. No. 2, "Motion").[1]

The Court understands that Plaintiffs contend via the Motion that one or both Plaintiffs will suffer irreparable harm if the School Facilities Law is in effect on August 5, 2021, when public school in Wilson County, Tennessee, is scheduled to begin. Therefore, the Court wishes to hear from both parties as to whether the doctrine of laches is applicable to preclude relief by the Plaintiffs' target date of relief of August 5, and thus preclude the extraordinary and emergent relief of a temporary restraining order that Plaintiffs seek.

Accordingly, the Court **DIRECTS** the parties to file briefs regarding the potential application of laches to this matter by **Wednesday, August 4, 2021, at 3:00 p.m.** The Court issued an opinion last year that Counsel may find instructive in *Memphis A. Phillip Randolph Inst. v.*

---

[1] The Motion also encompasses a request for a preliminary injunction. The decision by this District Judge will pertain only to Plaintiffs' request for a temporary restraining order, and not Plaintiffs' request for a preliminary injunction.

*Hargett*, 473 F. Supp. 3d 789 (M.D. Tenn. 2020) (ruling on a preliminary injunction). The Court does not mean to suggest, by referring to this opinion in *Memphis A. Phillip Randolph Inst.*, that it necessarily would reach the same conclusion, regarding the application of laches, in this case that it reached in *Memphis A. Phillip Randolph Inst.*

Due to the Court's familiarity with the doctrine of laches and its desire to resolve the Motion expeditiously, the Court does not need an extensive background discussion or explanation of laches from the parties, and it would instead encourage the parties to focus their briefs on the applicability of laches to the case at hand. Additionally, Defendants are invited to say anything else in their brief that is responsive to the relief sought by Plaintiffs, although they may be afforded another opportunity to respond if circumstances warrant.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE