IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

---

A.B., a minor, by her next friends JULIE B., mother and ROSS B., father,

                Plaintiff,

v.

BILL LEE, in his official capacity as Governor of Tennessee, *et al.*,

                Defendants.

Case No. 3:21-cv-00600
District Judge Richardson
Magistrate Judge Holmes

---

## PROPOSED INITIAL CASE MANAGEMENT ORDER

**A.**     **JURISDICTION**:

The Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*, and 42 U.S.C. § 1983 to redress alleged deprivations of the rights and privileges guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

**B.**     **BRIEF THEORIES OF THE PARTIES**:

<u>For Plaintiff</u>: The Tennessee Accommodations for All Children Act, 2021 Tenn. Pub. Ch. 452 (the "School Facilities Law"), precludes transgender students in Tennessee public schools from using the multi-occupancy restrooms and changing facilities consistent with their gender identity, and instead requires them to either use the facilities that correspond to the sex they were assigned at birth, or to otherwise request a "reasonable accommodation," including use of a single-user facility. By precluding Plaintiff A.B., a transgender girl enrolled in first grade in an

elementary school located in the Wilson County School District,[1] from accessing the facilities consistent with her gender identity, the School Facilities Law violates Title IX and the Equal Protection Clause.

<u>For State Defendants</u>[2]: As a threshold matter, none of the named official-capacity State Defendants has authority to enforce the challenged law. Thus *Ex Parte Young* cannot apply and the Eleventh Amendment acts as a jurisdictional bar to suit against the State Defendants. Likewise, as State Defendants have no enforcement power, Plaintiff lacks standing to sue the State Defendants. Plaintiff's claims are unripe until the statutorily-created cause of action is raised against an LEA or school. On the merits, the law does not violate Title IX because the law does not mandate covered institutions to select a particular bathroom policy or otherwise discriminate on the basis of sex. Nor does the law violate equal protection because it does not discriminate on the basis of any suspect or quasi-suspect trait and is substantially related to the state's interests in protecting the privacy of students and protecting the safety of students, teachers, and employees in restrooms, locker rooms, showers, and sleeping facilities.

<u>For School Defendants</u>[3]: The School Defendants assert that, at all relevant times, they have provided reasonable accommodations to minor Plaintiff A.B. in accordance with the requirements of the "School Facilities Law." In so doing, the School Defendants have acted consistently with both Title IX and the Equal Protection Clause.

---

[1] Pursuant to the Court's Order dated September 13, 2021 (ECF No. 65), Plaintiff A.S., a minor, by his next friends Amy A., mother, and Jeff S., father, was dismissed from the case. Accordingly, Plaintiff A.B., a minor, by her next friends Julie B., mother, and Ross B., father, is the sole Plaintiff at this time.

[2] The State Defendants are Bill Lee, in his official capacity as Governor of Tennessee, and Herbert Slatery III, in his officially capacity as Attorney General of Tennessee.

[3] The School Defendants are Wilson County Board of Education and Jeff Luttrell, in his official capacity as Director of the Wilson County Schools.

C.  **ISSUES RESOLVED**:

Venue, if jurisdiction is appropriate.

D.  **ISSUES STILL IN DISPUTE**:

Jurisdiction, constitutionality of the School Facilities Law, damages, and liability.

E.  **INITIAL DISCLOSURES**:

The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), which must include copies (not descriptions of responsive documents) on or before **October 29, 2021**, provided that a protective order governing disclosure and discovery activity in this case has been entered by that time. The parties agree to cooperate on preparing a proposed stipulated protective order, which shall be filed with the Court sufficiently in advance of the deadline for initial disclosures provided for herein. If no protective order has been entered prior to October 29, 2021, the parties shall exchange initial disclosures fourteen (14) days after a protective order has been entered.

F.  **CASE RESOLUTION PLAN AND JOINT STATUS REPORTS**:

The parties are encouraged to make settlement efforts throughout the pendency of this case and must make at least one **substantive** attempt at resolution. By no later than **December 17, 2021**, the parties must file a joint case resolution status report confirming their substantive attempt at settlement. The parties' joint report **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations. The parties may mediate by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). Any motion for pro bono mediation must

include a statement as to why private mediation is not feasible. Any motion for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional. **The fact that discovery is ongoing or that a dispositive motion is pending does not relieve the parties of their obligations under this case resolution plan.**

**G. DISCOVERY**:

The parties must complete all written discovery and depose all fact witnesses on or before **March 31, 2022**. Written discovery shall proceed promptly (unless otherwise provided for herein). Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. All discovery-related motions must be filed by no later than **April 21, 2022**, unless otherwise ordered by the Court. It will be within the discretion of the Magistrate Judge whether to allow filing of discovery-related motions, after counsel have scheduled and participated in a discovery conference. In connection with any discovery conference, the affected parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with

supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement shall certify that lead counsel for every affected party held the required telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. No discovery conference will be held until a compliant joint statement is filed. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response.

**H.     MOTIONS TO AMEND OR TO ADD PARTIES**:

Any motions to amend or to add parties must be filed by no later than **December 31, 2021**, unless otherwise ordered by the Court, and must comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result in summary denial of the motion.

**I.     DISCLOSURE AND DEPOSITIONS OF EXPERTS**:

The plaintiff must identify and disclose all expert witnesses and expert reports on or before **April 29, 2022**. The defendant must identify and disclose all expert witnesses and reports on or before **May 31, 2022**. Rebuttal experts and reports shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C). Expert depositions must be completed by **June 30, 2022**.

**J. SUBSEQUENT CASE MANAGEMENT CONFERENCE**:

A subsequent case management conference shall be held telephonically using the Court's conference line on **January 12, 2022**, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters.

**K. DISPOSITIVE MOTIONS**:

Any motions to dismiss under Fed. R. Civ. P. 12 shall be filed and briefed in accordance with that rule and Local Rule 7.01. All other dispositive motions must be filed by no later than **July 29, 2022**. Responses to dispositive motions must be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

**L. ELECTRONIC DISCOVERY**:

The parties anticipate reaching an agreement on how to conduct electronic discovery. Any agreement between the parties must be reduced to writing, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval. In the absence of compliance with this provision, the default standards of Administrative Order No. 174-1 will apply.

**M.     MODIFICATION OF CASE MANAGEMENT ORDER**:

Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

**N.     ESTIMATED TRIAL TIME AND TARGET TRIAL DATE**:

The BENCH trial of this action is expected to last approximately 4 days. A trial date no earlier than **October 18, 2022** is respectfully requested.[4] An order setting dates for trial and a pretrial conference, and detailing the parties' pretrial obligations, will be entered separately by Judge Richardson.

---

[4] The parties were also reminded during the case management conference of their option to consent to final disposition by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed **only if all parties consent** to final disposition by the Magistrate Judge.

It is so ORDERED.

  
BARBARA D. HOLMES  
United States Magistrate Judge

APPROVED FOR ENTRY:

By: */s/ Tricia Herzfeld*  
Tricia Herzfeld (BPR #26014)  
BRANSTETTER STRANCH & JENNINGS PLLC  
223 Rosa L. Parks Avenue, Suite 200  
Nashville, TN 37203  
T: (615) 254-8801  
F: (615) 255-5419  
triciah@bsjfirm.com

Adam S. Lurie*  
Erez Liebermann*  
Andrew Pak*  
Sean Mooney*  
Benjamin Kurland*  
LINKLATERS LLP  
1290 Avenue of the Americas  
New York, NY 10104  
T: (212) 903-9000  
F: (212) 903-9100  
adam.lurie@linklaters.com  
erez.liebermann@linklaters.com  
andrew.pak@linklaters.com  
sean.mooney@linklaters.com  
benjamin.kurland@linklaters.com

Sarah Warbelow*  
Jason Starr*  
HUMAN RIGHTS CAMPAIGN FUND  
1640 Rhode Island Avenue NW  
Washington, D.C. 20036  
T: (202) 628-4160  
F: (202) 628-0517  
Sarah.Warbelow@hrc.org  
Jason.Starr@hrc.org

* Admitted *pro hac vice*

*Attorneys for Plaintiff A.B., a minor, by her next friends JULIE B., mother, and ROSS B., father*

By: */s/ Christopher C. Hayden*
Christopher C. Hayden
Andrew V. Sellers
PURCELL, SELLERS & CRAIG, INC.
P.O. Box 10547
Jackson, TN 38308
T: (731) 300-0737
F: (731) 300-0769
chris@psclegal.com
andrew@psclegal.com

*Attorneys for Defendants Wilson County Board of Education and Jeff Luttrell, in his official capacity as Director of the Wilson County Schools*

By: */s/ Alexander S. Rieger*
Alexander S. Rieger, Senior Assistant Attorney General
Matthew D. Cloutier, Assistant Attorney General
Public Interest Division
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
T: (615) 741-3491
F: (615) 741-2009
Alex.rieger@ag.tn.gov
Matt.Cloutier@ag.tn.gov

*Attorneys for Defendants Bill Lee, in his official capacity as Governor of Tennessee, and Herbert Slatery III, in his official capacity as Attorney General of Tennessee*